IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM SCOTT BEDFORD,<br><br>RAY H. PACE AND SONDRA N. PACE, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>MARY NOWLIN,<br><br>THE HELEN AND MARY NOWLIN IRREVOCABLE COMMON LAW TRUST DATED February 28, 1927,<br><br>    Defendants. | Case No. 18-CIV-184-RAW |

## ORDER

On March 5, 2020, this matter came on for show cause hearing before the court on Defendant's failure to appear at the hearing on February 11, 2020, failure to prosecute her claims and for violation of court orders. The court called the case and noted for the record that Defendant Mary Nowlin was not present in person, by representative or by counsel. Further, Nowlin failure to produce evidentiary materials or medical records by February 26, 2020 as ordered by this court. The Plaintiffs appeared by and through their counsel, Michael R. Pacewicz.

The court first addressed Defendant, Mary Nowlin's Affidavit and Motion for Change of Judge, pursuant to 28 U.S.C. §455 and §144 [Docket No. 150]. Under 28 U.S.C. §455(a) a judge is required to recuse himself "in any proceeding in which his

1

impartiality might reasonably be questioned." Recusal is "appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza,* 468 F.3d 1256, 1262 (10th Cir. 2006). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church,* 289 F.3d 648, 659 (10th Cir. 2002). The court does not find recusal or disqualification appropriate under this standard.

Pursuant to 28 U.S.C. §144, the standard for recusal is higher and the procedural requirements are different. The party seeking recusal is required to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party…" The statute states that a judge "shall proceed no further" if such an affidavit is filed. "On its face the statute might seem to contemplate automatic disqualification. It has not been read that way. It is settled that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does disqualification become mandatory." 13A Wright & Miller, Federal Practice and Procedure, §3551 at 631-33 (2d. ed. 1984)(footnotes omitted).

The challenged judge determines the sufficiency of the affidavit but does not weigh or test the truth of the allegations. "Disqualification under 28 U.S.C.§144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a

burden on the judge to prove that he is impartial." *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir. 2004). To the extent Defendant is relying on adverse rulings to show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied,* 507 U.S. 940 (1993). The court finds the motion and affidavit insufficient to require recusal and the motion fails under both §144 and §455.

Plaintiff's counsel reported that Defendant Nowlin was noticed for deposition and that she informed him she would not appear for the deposition or the hearing, both set for March 5. Accordingly, the court finds that Defendant's Motion for Protective Order [Docket No. 148] as MOOT since she failed for appear for her deposition. Further, Defendant's Motion to Stay Discovery [Docket No. 148] is DENIED.

The court has specifically tried to set for hearing Defendant's numerous motions at the same time in order to accommodate any travel difficulty she may have. The numerous filings of Defendant Nowlin have become increasingly mystifying and vitriolic resulting in great difficulty for the case to proceed without Nowlin's presence to explain her claims. After a previous attempt at a telephonic appearance, this court believes it is necessary for Nowlin to appear in person to explain and prosecute her claims.

Although a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* parties must follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836 (10th Cir. 2005).

Defendants' additional pending motions, including Motion to Alter Order [Docket No. 129], Motion to Alter and Response [Docket NO. 139], Motion for Joinder of Party(s) (entitled "Motion for Court to add Corporate Entity") [Docket No. 141], Motion (entitled "Defendant's Request to Plaintiffs Show Proof of Claim") [Docket No. 142], Motion by Mary Nowlin [Docket No. 146], and Motion by Mary Nowlin [Docket No. 147] are hereby DENIED for failure to prosecute.

Despite failing to show cause for their past conduct, the court will not presently impose sanctions against Defendants for their litigation behavior, but considers it an option in dealing with future unacceptable tactics and behavior. The court recommends that Defendant Nowlin file her medical records under seal or submit the same for an *in camera* inspection to substantiate her indisposition and to substantiate her doctor's "notes" restricting her travel. Failure to do so will be taken into account at the next hearing. Accordingly, it is further ordered that this matter will be set for Pretrial Conference on the 23rd day of April, 2020 at 2:00 p.m.

Failure to respond as ordered could result in the Defendant's claims and/or defenses being dismissed and default judgment being entered pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 10th day of March, 2020.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE